UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LUIS SANTIAGO SALINAS,

Plaintiff,

v.

KEEFE COMMISSARY NETWORK, LLC,

Defendant.

Case No.  26-cv-01504-EKL

**ORDER GRANTING MOTION TO TRANSFER**

Re: ECF Nos. 6, 29, 36

Before the Court is Defendant Keefe Commissary Network, LLC's motion to transfer this case to the U.S. District Court for the Eastern District of Missouri or, in the alternative, dismiss or for more definite statement.  Mot. to Transfer, ECF No. 6-1.  As explained further below, and having taken the parties' briefings under submission, Defendant's motion to transfer is GRANTED IN PART because the Eastern District of Missouri is the proper venue for this action. The remainder of Defendant's motion is DENIED without prejudice.  This Order assumes the reader is familiar with the facts, applicable legal standard, and arguments made by the parties.

**A.      Procedural History**

Defendant removed this case to federal court on February 20, 2026.  *See* Notice of Removal, ECF No. 1.  On February 27, 2026, Defendant brought this motion to transfer the action to the Eastern District of Missouri under 28 U.S.C. § 1404(a).  Mot. to Transfer.  In the alternative, Defendant moved to dismiss the complaint under Fed. R. Civ. P. 12(b)(6) or for more definite statement under Fed. R. Civ. P. 12(e).  *Id.* at 6-10.  On March 6, 2026, Plaintiff Luis Salinas filed a response in opposition to the motion to transfer, Opp., ECF No. 11, to which Defendant filed a reply, ECF No. 17, on March 13, 2026.  On June 5, 2026, Defendant filed an amended motion to dismiss, ECF No. 36, asserting a supplemental ground for dismissal, and on June 8, 2026, Plaintiff

filed an opposition thereto, ECF No. 38.  Defendant filed a reply in support of the amended motion on June 10, 2026.  ECF No. 39.

**B.      Legal Standard**

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."  28 U.S.C. § 1404(a).  The court may consider the following factors when determining whether transfer would promote the convenience of the parties and witnesses and the interests of justice:

> (1) plaintiff['s] choice of forum, (2) convenience of the parties, (3) convenience of the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable law, (6) feasibility of consolidation with other claims, (7) any local interest in the controversy, and (8) the relative court congestion and time of trial in each forum.

*Vu v. Ortho-McNeil Pharm., Inc.*, 602 F. Supp. 2d 1151, 1156 (N.D. Cal. 2009).  "The burden is on the party seeking transfer to show that when these factors are applied, the balance of convenience clearly favors transfer."  *Alul v. Am. Honda Motor Co.*, No. 16-cv-04384-JST, 2016 WL 7116934, at *2 (N.D. Cal. Dec. 7, 2016) (citing *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979)).  The case should not be transferred if the result is merely to shift the inconvenience from one party to another.  *See Van Dusen v. Barrack*, 376 U.S. 612, 645-46 (1964) ("Section 1404(a) provides for transfer to a more convenient forum, not to a forum likely to prove equally convenient or inconvenient."); *see also Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).

**C.      Whether the Eastern District of Missouri is the Proper Venue**

As an initial matter, the Court finds that this action could have been brought in the Eastern District of Missouri.  As Defendant established in its notice of removal, there is federal diversity jurisdiction because the amount in controversy is greater than $75,000.00, and the parties are diverse as Plaintiff is a citizen of California, and Defendant is a citizen of Missouri with its office located in St. Louis, Missouri.  *See* Lamartina Decl., ECF No. 1-2; Lynchard Decl., ECF No. 1-3;

United States District Court
Northern District of California

Hunter Decl., ECF No. 1-4; Hunter Decl. ¶ 3, ECF No. 6-2 ("Hunter Second Decl."). Next, venue is proper in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located[.]" 28 U.S.C. § 1391(b)(1). Because Defendant is a Missouri citizen located in St. Louis, venue is proper in the Eastern District of Missouri under Section 1391(b)(1). Finally, the fact that Plaintiff previously brought an employment action against Defendant in the Eastern District of Missouri further supports that the Eastern District of Missouri is a proper venue.[1] *See* Missouri Compl., ECF No. 6-3, Ex. 1. The action, therefore, could have been brought in the Eastern District of Missouri.

### D.      Whether Transfer is in the Interest of Justice

Next, the Court considers whether transfer is in the interest of justice.

The first factor (Plaintiff's choice of forum) weighs slightly against transfer. "While substantial consideration is generally given to a plaintiff's choice of forum, the degree of deference is substantially diminished . . . '[i]f the operative facts have not occurred within the forum and the forum has no interest in the parties or subject matter[.]'" *Park v. Dole Fresh Vegetables, Inc.*, 964 F. Supp. 2d 1088, 1094 (N.D. Cal. 2013) (quoting *Lou v. Belzberg,* 834 F.2d 730, 739 (9th Cir. 1987)). Ordinarily, even if the operative facts occurred in another venue, Plaintiff's choice of venue is still considered when Plaintiff resides within the District; however, "[w]here a plaintiff does not reside in the forum, the Court may afford plaintiff's choice considerably less weight." *Vu*, 602 F. Supp. 2d at 1156.

Here, the operative facts occurred exclusively in Missouri, not California. *See* Compl.

---

[1] Defendant's request for judicial notice is GRANTED. Defendant requests judicial notice of the prior matter between the parties in the Eastern District of Missouri, *Salinas v. TKC Holdings, Inc.*, No. 4:20-cv-01846 (E.D. Mo. Dec. 18, 2020). ECF No. 6-3, Exs. 1-3. The request pertains to the matter's complaint, ECF No. 6-3, Ex. 1 ("Missouri Compl."); the order granting Plaintiff's motion to voluntarily dismiss dated April 28, 2022, ECF No. 6-3, Ex. 2 ("Missouri Order Granting Dismissal"); and a judgment order of dismissal without prejudice entered on April 28, 2022, ECF No. 6-3, Ex. 3 ("Missouri Judgment"). A court "may take judicial notice of court filings" in other cases "[t]o determine what issues were actually litigated." *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006). However, "a court may not take judicial notice of proceedings or records in another cause so as to supply, without formal introduction of evidence, facts essential to support a contention in a cause then before it." *M/V Am. Queen v. San Diego Marine Const. Corp.*, 708 F.2d 1483, 1491 (9th Cir. 1983).

at 9-10, ECF No. 1-1; Hunter Second Decl. ¶¶ 5, 7-8. Though Plaintiff does not specify the nature of the alleged discriminatory activity on September 24, 2021, the parties have acknowledged that on that date, they were actively litigating a dispute in the Eastern District of Missouri. *See* Compl. at 9; Mot. to Transfer at 3-4; Opp. at 3-6. The complaint does not refer to any events in the Northern District of California. Moreover, Plaintiff states that he resides in Tecate, California, which is in the Southern District of California. *See* Compl. at 5, 7-9, 11. Consequently, Plaintiff's choice of the Northern District of California as the venue for this action is given less weight because this District is neither where the events at issue occurred nor where Plaintiff resides. Because this District was still technically Plaintiff's choice of venue, this factor tilts slightly against transfer, but only minimally.

The second factor (convenience of the parties) weighs in favor of transfer. Although Plaintiff is a citizen of California, he resides in the Southern District of California. *See* Compl. at 5, 7-9, 11. It does not appear that the Northern District of California is convenient to him, as noted in his recent declaration papers. *See, e.g.,* Opp. at 6 ("Plaintiff's occupation requires him to be away from his residence for extended periods, often on short notice, making travel to San Jose for a court appearance logistically difficult and economically burdensome."). Indeed, Plaintiff already requested to appear remotely "for all proceedings" in this matter, and in support of that motion, claimed that "litigating in California is burdensome." ECF No. 29 at 2. Because the Court cannot find that the Eastern District of Missouri is actually less convenient for Plaintiff – whereas it is certainly more convenient for Defendant – the second factor favors transfer.

Factors three (convenience of the witnesses), and four (ease of access to the evidence) weigh strongly in favor of transfer. It appears that the necessary witnesses and evidence must have a locus in Missouri for any employment claims. Hunter Second Decl. ¶¶ 5, 7-8. Missouri is where Plaintiff was employed by Defendant in 2019 and litigated against Defendant in the 2020 action. *Id.*; *see also* Compl. at 9-10; Missouri Compl.

The fifth factor (familiarity of each forum with the applicable law) weighs against transfer. "Although it is true that federal courts are equipped and competent to apply California law, '[a] California district court is more familiar with California law than district courts in other states.'"

United States District Court
Northern District of California

*Fellers v. C.W. Martin L. Off., PLLC*, No. 26-CV-900-GPC-JLB, 2026 WL 1214671, at *14 (S.D. Cal. May 1, 2026) (quoting *In re Ferrero Litig.*, 768 F. Supp. 2d 1074, 1081 (S.D. Cal. 2011)). Where, like here, claims are brought under California's Fair Employment and Housing Act and authorized via a right to sue letter issued by the California Civil Rights Department, a federal court located in California would have more familiarity with the same.

The sixth factor (feasibility of consolidation with other claims) is likely neutral because there are no pending actions in either venue. Though the Eastern District of Missouri is the venue of the prior dispute between the parties, *see* Missouri Compl., there is no active litigation pending in Missouri. *See* Missouri Judgment.

The seventh factor (local interest in the controversy) also weighs in favor of transfer. Plaintiff and Defendant have both referenced only events that occurred in Missouri, and neither alleges that any acts or events occurred in California. Compl. at 9-10; Mot. to Transfer at 4-5. Thus, the Eastern District of Missouri has a "stronger [interest] because the events at issue took place there." *Vu*, 602 F. Supp. 2d at 1157.

Finally, there is no evidence before the Court concerning the eighth factor (relative congestion in each court), thus this factor is neutral.

Overall, the balance of the factors favor transfer because four of the factors (two, three, four, and seven) weigh in favor of transfer, and two of the factors (six and eight) are neutral, while only two of the factors (one and five) weigh against transfer, but neither strongly enough to offset the others.

***

United States District Court
Northern District of California

For the foregoing reasons, the motion to transfer is GRANTED IN PART and DENIED IN PART.  The Court TRANSFERS Plaintiff's claims to the U.S. District Court for the Eastern District of Missouri.  The Court addresses neither Defendant's alternative motion to dismiss or for more definitive statement, ECF No. 6, nor Defendant's amended motion to dismiss, ECF No. 36, which are TERMINATED AS MOOT without prejudice to refiling in the Eastern District of Missouri.  Plaintiff's motion to appear remotely for all proceedings, ECF No. 29, is similarly TERMINATED AS MOOT without prejudice.  The Clerk is instructed to transfer and close the case.

**IT IS SO ORDERED.**

Dated: June 11, 2026

_____
Eumi K. Lee
United States District Judge

United States District Court
Northern District of California